UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON ETHRIDGE, et al.,

       Plaintiffs,                      CIVIL ACTION NO. 12-CV-10806

vs.

                                         DISTRICT JUDGE BERNARD A. FRIEDMAN

FREMONT INVESTMENT & LOAN,   MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiffs' Motion for Default Judgment as to Fremont Investment & Loan (docket no. 28) be **DENIED**, Defendant Signature Group Holdings, Inc., successor in interest to Fremont Investment & Loan's, Motion to Set Aside Default and Motion to Dismiss (docket no. 26) be **GRANTED**, and Plaintiffs' complaint be dismissed.

**II.**     **REPORT:**

    This case comes before the Court on two motions. The first motion is Signature Group Holdings, as successor in interest to Fremont Investment & Loan's, Motion to Set Aside Default and Motion to Dismiss. (Docket no. 26). Plaintiffs filed a response. (Docket no. 33). Signature Group Holdings filed a reply. (Docket no. 34). The second motion is Plaintiffs' Motion for Default Judgment. (Docket no. 28). Signature Group Holdings filed a response. (Docket no. 32). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are

1

now ready for ruling.

Plaintiffs filed suit against Defendants Fremont, MERS, MERSCORP, and Ocwen on January 9, 2012 in the Wayne County Third Circuit Court. The complaint was removed on February 22, 2012. On July 27, 2012 Plaintiffs requested a clerk's entry of default against Defendant Fremont Investment & Loan pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 18). Plaintiffs' affidavit in support of default states that Fremont Investment & Loan was served on January 18, 2012 with a summons and copy of the complaint. On July 31, 2012 the court clerk entered default against Fremont Investment & Loan for failure to plead or otherwise defend. (Docket no. 22). Plaintiffs subsequently requested a clerk's entry of default judgment which was denied. (Docket nos. 23, 24).

On October 31, 2012 counsel for Signature Group Holdings, as successor in interest to Fremont Investment & Loan, appeared on Defendant's behalf and filed the instant Motion to Set Aside Default and Motion to Dismiss. (Docket nos. 25, 26). Signature Group Holdings argues and shows that Fremont Investment & Loan changed its name in July 2008 to Fremont Reorganizing Corporation. (Docket no. 26, ex. 3). Fremont Reorganizing Corporation's corporate address is 175 North Riverview Drive in Anaheim, California. Its local registered agent is The Corporation Company located at 30600 Telegraph Road in Bingham Farms, Michigan. (Docket no. 26, ex. 3). Fremont subsequently merged into Signature Group Holdings, Inc. in mid 2010. The corporate office for Signature Group Holdings is still 175 North Riverview Drive in Anaheim, California and counsel states that the registered agent for Signature Groups is The Corporation Company in Bingham Farms, Michigan.

The certified mail receipt attached to Plaintiffs' request for clerk's entry of default shows that

Plaintiffs mailed the complaint and summons to C.S.C. Lawyers Incorporating Service at 601 Abbot Road in East Lansing, Michigan in January 2012. (Docket no. 18, ex. A). Plaintiffs do not claim to have served Defendant at any other address. Signature Group Holdings, Inc. now argues that it was not properly served and asks the Court to grant it relief from the default and dismissal from this case.

Rule 55(c), Fed. R. Civ. P., permits a court to set aside an entry of default for good cause. When considering a motion to set aside entry of default, the court should consider whether: (1) the default was willful; (2) the plaintiff will be prejudiced by setting aside the judgment; and (3) the defendant presented a meritorious defense following the default. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983) (citations omitted).

Fed. R. Civ. P. 4(m) states that service of the summons and complaint must be made within 120 days after the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs have not shown that they served proper service of the summons and complaint on Defendant. Therefore Defendant has shown good cause to set aside the default. Furthermore, because Defendant Fremont is the last remaining Defendant in this action, and because service has not been effectuated within the time allowed under Rule 4(m), Defendant Fremont should be dismissed from this action and Plaintiffs' complaint should be dismissed for failure to comply with Rule 4(m).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 28, 2012      s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Jon and Renee Ethridge and Counsel of Record on this date.

Dated: November 28, 2012      s/ Lisa C. Bartlett
                                                Case Manager